# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BETTY CARBO

PLAINTIFF

V.

SHIPPENSBURG UNIVERSITY

SHIPPENSBURG UNIVERSITY HEAD START

(dba Shippensburg Head Start/Pre-K Counts

Program)

DEFENDANTS

CIVIL CASE NO. 1:22-cv-01246
Magistrate Judge Saparito

Electronically Filed

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Plaintiff's complaint complies with both the letter and the spirit of Federal Rule of Civil Procedure 8. Defendant has failed to show that any part of the plaintiff's complaint, much less the entirety of the complaint, is redundant, immaterial, impertinent, or scandalous. Further, the defendant has failed to show that they are unduly prejudiced by the defendant's complaint. Each averment in the complaint is clear, concise and relevant to the case as required by Fed. R. Civ. P. 8. Therefore, Defendant's motion to strike should be denied.

## A motion to strike is an extreme remedy and the moving party carries a heavy burden which defense counsel has failed to meet

Defense counsel's request for the court to take the extreme remedy of not only striking part of the plaintiff's complaint but striking it in its entirety is both wrong on the law and wrong on the facts. Here, the defendants go beyond a basic motion to strike language from the complaint and are asking the court to take the extreme measure of striking the entirety of the plaintiff's complaint. The defendants in their motion have failed to meet the "high burden" required for such a motion to be upheld.

A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn. Transfer, Inc.*, 859 F. Supp. 154, 158,. *United States v. Marisol*, Inc. 725 F. Supp. 833, 836 (M.D. Pa 1989). Although the "court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," *N. Penn. Transfer, Inc.*, 859 F. Supp. 154, 158., "motions to strike are generally viewed with disfavor," *Great West Life Assur. Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993), *Marisol*, 725 F. Supp. 833, 836, *Miller v. Group Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa. 1996); *N. Penn Transfer, Inc*, 859 F. Supp. 154, 158. "[M]otions to strike are often viewed with disfavor because of their potential to be used as a dilatory tactic." *N. Penn. Transfer, Inc.*, 859 F. Supp. at 158; *cf.. Marisol*, Inc. 725 F. Supp. 833, 836. In general, motions to strike are

disfavored and infrequently granted. *King v. M.R. Brown, Inc.*, 911 F.Supp. 161, 169 (E.D. Pa. 1995).

While courts are granted broad discretion under Fed. R. Civ. P. 12(f), Courts must generally view the pleadings in the light most favorable to the pleading party in a motion under this rule. Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties *Hanover Ins. Co.,* 619 F.Supp.2d 127, 133 (E.D. Pa, 2007); *Miller,* 912 F.Supp. 164, 168.

The burden on the moving party under 12(f) is a heavy burden. The moving party in a 12(f) motion to strike must show that even in the light most favorable to the plaintiff under the liberal pleading standards of the federal courts, that the allegations in the complaint are redundant, immaterial, impertinent, or scandalous AND that the such a complaint creates prejudice against the defendant *In re2TheMart.com, Inc., Securities Litigation*, 113 F. Supp.2d 955, 965(C.D. Cal. 2000). Courts generally grant motions to strike only when the disputed allegations have no possible relation to the controversy and will cause prejudice to one of the parties. *Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200, 218 (D.N.J. 1993) Defendant has failed to carry this burden.

**Allegations in Plaintiff's complaint are neither redundant, immaterial, impertinent, nor scandalous.**

Defense counsel has failed to show that any matter in the plaintiff's complaint, much less the entirety of the complaint is redundant, immaterial, impertinent, or scandalous. Courts define *immaterial* as having no bearing on the controversy before the court, if there is doubt as to whether an allegation might be material in the action, a motion to strike must be denied. *Impertinent* has been defined as allegations that are not responsive or are irrelevant to the issues that arise in the action and which are inadmissible as evidence. *In re2TheMart.com, Inc.* 113 F. Supp.2d 955, 965. For matter to be considered *scandalous* it must "improperly cast[s] a derogatory light on someone, most typically on a party to the action. Scandalous pleading must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language' or 'detract from the dignity of the court.'" *Donnelly v. Commonwealth Fin. Sys.*, 3:07-CV-1881 (M.D. Pa. Mar. 20, 2008). *Scandalous* pleadings for purposes of Rule 12(f) must "reflect cruelly" upon the defendant's moral character, use "repulsive language" or "detract from the dignity of the court." To be scandalous, even "degrading charges [must] be irrelevant, or, if relevant, [must be] gone into in unnecessary detail" *Skadegaard v. Farrell*, 578 F.Supp. 1209 (D.N.J. 1984).

Defense counsel has failed to prove that any language in the Plaintiff's complaint that is redundant, immaterial, impertinent, or scandalous. Defense counsel erroneously suggests that plaintiff's allegations regarding defendant's COVID response is an example of such immaterial information. Plaintiff's allegation is directly relevant to the failure to follow the ADA accommodation requirements during such pandemic and in response to such pandemic. The allegations directly relate to whether the defendant in this case engaged in the interactive accommodation process in good faith as required under the ADA. The allegations that defense counsel points to as impertinent or immaterial are far from immaterial and the defense counsel has failed to meet the burden of showing that there is no doubt that the allegations would be irrelevant to the case.

Defense counsel incorrectly suggests on page 3 of their motion that the plaintiff has used "scandalous" language by suggesting that the employer "misused FFCRA" leave. First, there is nothing repulsive about the language used by plaintiff in paragraphs 96 and 97. There is nothing in Paragraphs 96 and 97 that reflect cruelly on or detract from the dignity of the court. Suggesting otherwise is an overreach at best. Second, plaintiff's allegations again relate to a critical element of a failure to accommodate claim, the defendant's participation in the accommodation process in good faith. The allegations listed under Paragraph 97 do not contain any "repulsive language." Instead, these allegations go to the critical

5

issues in the case including whether the accommodation, defendant claims to have been offered, of working from an observation closet was a reasonable accommodation, whether the defendant engaged in the accommodation process in good faith.

Defense counsel generally avers to paragraphs 47-97, which lay out specific actions by the defendant, that plaintiff alleges as violation of the ADA as being scandalous. While defendant might not want to be accused of violating the ADA, such is the heart of a failure to accommodate claim and such allegations are required in a complaint to put the defendant on notice and are far from being "scandalous," cruel or harmful to the dignity of the court. The allegations that defense counsel suggests are scandalous in plaintiff's complaint simply do not meet the definition of scandalous. They are relevant to the case and are far from being "repulsive."

## Defense Counsel has failed to show that Plaintiff's complaint has caused prejudice

Motions to strike should only be granted when the moving party is able to show redundant, immaterial, impertinent, or scandalous matter and demonstrate that such matter creates prejudice. "Motions to strike are often denied in the absence of a showing of prejudice to the moving party" *Great West Life Assurance Co*, 834 F.Supp. 858, 864. "Thus, even when the motion is technically appropriate,

6

a motion to strike redundant, immaterial, impertinent, or scandalous material should not be granted unless the movant demonstrates that the material will also prejudice it" *Kokinda v. Penn. Dep't of Corrections*, No. 16-1303, 2017 WL 11461507, at *1 (W.D. Pa. Oct. 24, 2017); "Prejudice occurs when the challenged pleading confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *In re2TheMart.com, Inc.*, 113 F. Supp.2d 955, 965.

Defense counsel suggests that the plaintiff's claim is well disguised. The plaintiffs, allegations are each in and of themselves clear and concise and each paragraph and sub-paragraph is specifically linked to the elements of failure to accommodate claim.

Defense counsel also suggests that the Plaintiff's provided Statutory and Regulatory Background section creates prejudice. Defense fails to demonstrate how this section of the complaint is redundant, immaterial, impertinent, or scandalous. Rather, this section of the case, as well as the linkage of these legal standards to specific allegations by the plaintiff, are necessary to meet the *Iqbal* and *Twombley* standards of providing enough detail to show that the claims are plausible.

**Plaintiff's complaint has met the liberal pleading requirements of the Federal Rule of Civil Procedure**

In deciding a motion under Fed. R. Civ. P.12, a court should consider the liberal pleading standards of Fed. R. Civ. P. Rule 8. *United States v. Consolidation Coal Co.,* No. 89–CV–2124, 1991 WL 333694, at *1 (W.D.Pa. Jul. 5). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). This already liberal standard is "even more pronounced" where a plaintiff files the complaint without the assistance of counsel. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints. *Garret v. Wexford Health*, 938 F.3d 69, 91-92 (3rd. Cir. 2019)

"[I]t is an abuse of discretion to dismiss an entire complaint if it contains some claims that satisfy Rule 8.[1] The rule "ensure[s] that claims [are] not filtered for merit at the pleading stage, but [are] determined on their merits rather than through missteps in pleading." *Garret*, 938 F.3d 69, 91-92.

Fed. R. Civ. P. 8(d) requires that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d) is not intended to set a high standard for plaintiffs

---

[1] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire complaint as "broad and conclusory" where the complaint set forth four claims with adequate specificity)."

8

to get into the court room, but rather has been interpreted at least since *Conley v. Gibson*, 355 U.S. 41 (1957) as affording liberality to the pleadings to assure that cases are heard on their merits, rather than thrown out on procedure. Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). While 8(a)(2) merely requires that defendants be provided with notice of the claims against them without requiring the plaintiff to have developed the entirety of their case or legal theory(s), *McCalden v. California Library Assoc.*, 955 F.2d 1214, 1223 (9th Cir. 1990), it does not prohibit the plaintiff from presenting such theories.

Defense counsel erroneously argues plaintiff's complaint reads like "a novel or sprawling narrative." Contrary to the defendant's statement in their motion to strike, these averments do not resemble a novel, but rather are short clear concise factual allegations. Each paragraph of the complaint is written in concise format. The average length of the factual allegations in the complaint is fewer than 25 words. The complaint contains simple, straightforward claims by the plaintiff that put the defendant on notice of which actions the plaintiff is claiming to be unlawful.

Each allegation in the complaint is clear and concise and directly relevant to the case. While there are many allegations in the complaint, this is not the fault of the plaintiff, but rather is due to the fact that the defendant has engaged in dozens of discreet actions that the plaintiff believes were in violation of the ADA and directly relevant to the defendant's failure to accommodate the plaintiff and these allegations have provided the defendant with adequate notice of the claim.

Pleadings must also meet the requirements as laid out in *Aschroft v. Iqbal*, 556 US 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) Under the *Iqbal* and *Twombly* standards, the complaint must present arguments for plausibility of the allegations and demonstrate how the allegations have violated the plaintiff's rights. While Courts have generally held that a pro se complaint should be construed liberally, the pro se plaintiff post *Iqbal* is now required to show more than the mere possibility of misconduct." *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681-2 (D.C. Cir. 2009).

Here the plaintiff has laid out specific factual allegations each of which is relevant to the legal standards and elements of a failure to accommodate claim. Under *Twombly* and *Iqbal* the plaintiff must make arguments in the complaint that demonstrate the plausibility of their claim. Plaintiff has done that here by alleging specific facts and linking such factual allegations to the appropriate legal standards and elements of her claim. Upholding the defendant's motion to strike would put

the plaintiff here in the precarious position of threading the needle between the defendant's position and the Supreme Court's pleading interpretations in *Iqbal* and *Twombly*.

**Defense Counsel Repeatedly Erroneously Relies on the Length of the Plaintiff's Complaint**

The court in *Garret v. Wexford*, Supra at 91-92, explained that "there can be no single 'proper length' for stating a particular claim. The level of factual detail will vary with the complexity of the claim asserted." Defense counsel admits that the length of a complaint is not dispositive in a motion to strike, yet still focuses on the length of plaintiff's complaint (referring to the complaint as prolix on pages 1, 6, 9, and 10, and specifically enumerating the page and paragraph count on pages 1, 9, and 10) as justification to strike the entirety of the plaintiff's complaint, while providing no basis that the length of the complaint here violates rule 8 of the Federal Rules of Civil Procedure.

Plaintiff admits the complaint is lengthy; due to the numerous violations of the law committed by the defense. Each allegation is relevant to the complaint. Further, the length of this complaint falls well short of the 240-page, 600 paragraph complaint in *Westinghouse*, where the court struck the complaint not only based on its length, but on the basis of it being "unnecessarily complicated and verbose." The length of this complaint is proper due to the complexity of the claim and the

numerous actions by the defendant that violated the ADA. The plaintiff has taken appropriate steps in this complaint to make the defendant aware of the specific actions she believes violated her ADA rights. There is nothing in this complaint that is scandalous. There is nothing in the complaint that is impertent or immaterial and where there is redundancy, such redundancy exists to clarify not to obfuscate. Because each allegation in this complaint is made in a clear and concise manner there is no prejudice or undue burden on the defendant. Each allegation is written in such a manner that defendant can either admit, deny, or claim a lack of knowledge. This is not an undue burden on defense counsel.

Given the heavy burden on the defendant to substantiate a 12 (f) Motion to strike, court's general disfavor for such motions, and the clear, concise and relevant nature of the averments in the plaintiff's complaint, I respectfully ask the court to deny defendant's motion to strike.

Respectfully submitted,

*Betty A. Carbo*

Betty A. Carbo, Plaintiff, Pro Se
614 Eric Drive
Shippensburg, PA 17257
bettyacarbo@gmail.com
(304) 629-0786
Date: November   , 2022

# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BETTY CARBO**

**PLAINTIFF**　　　　　　　　　　　　　　　　　CIVIL CASE NO. 1:22-cv-01246-JFS

　　　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Saparito

**V.**　　　　　　　　　　　　　　　　　　　　　Electronically Filed

**SHIPPENSBURG UNIVERSITY**

**SHIPPENSBURG UNIVERSITY HEAD START**

(dba Shippensburg Head Start/Pre-K Counts Program)

**DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Betty Carbo, Plaintiff, herby certify that on November 4, 2022 I caused to be served a true and correct copy of the foregoing, Plaintiff's Response in Opposition to Defendant's Motion to Strike to the following:

Francis Pryzbylkowski
Deputy Attorney General
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

　　　　　　　　　　　　　　　　　　　　　　　　_Betty Carbo_
　　　　　　　　　　　　　　　　　　　　　　　　Betty Carbo

13