IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETTY CARBO, | : | No. 1:22-CV-1246 |
| Plaintiff | : | |
| | : | |
| v. | : | Magistrate Judge Saporito |
| | : | |
| SHIPPENSBURG UNIVERSITY *and* | : | Electronically Filed Document |
| SHIPPENSBURG UNIVERSITY | : | |
| HEAD START, | : | |
| Defendants | : | *Complaint Filed 08/10/22* |

## **DEFENDNATS' REPLY BRIEF**

As discussed more fully in Defendants' Brief in Support of the Motion to Strike, Plaintiff's 429-paragraph, 77-page Complaint fails to conform to the Rule 8 in numerous ways. This reply brief serves to address a few points of contention Plaintiff raises in her Brief in Opposition. First, the general standard for Rule 12(f) does not apply to this motion; instead, Defendants challenge the Complaint's compliance with Rule 8. Second, contrary to Plaintiff's assertion, a Court does not abuse its discretion when it dismisses a complaint for failure to comply with Rule 8 so long as it permits Plaintiff leave to amend. Third, Plaintiff's reliance on cases dealing with the sufficiency of pleading under Rule 8 is misplaced.

1

1. **<u>Defendants moved to strike the Complaint, in its entirety, for failure to conform to the pleading requirements of Rule 8.</u>**

Plaintiff relies on the general rule for a Motion to Strike where individually identified pleadings which contain "redundant, immaterial, impertinent, or scandalous matter" may be stricken from a pleading. Fed. R. Civ. P. 12(f). However, Defendants did not move to strike the Complaint on this general rule. Instead, Defendants moved to strike based on failure to conform to the liberal pleading requirements of Rule 8. *See In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996); *In re Oldapco, Inc.*, 622 B.R. 140, 147 (Bankr. D. Del. 2020) ("Although the plain text of Rule 12(f) does not incorporate Rule 8 by reference, many courts have held that Rule 12(f) can be used to reinforce Rule 8's requirements that pleadings be simple, concise, and direct.").

Although Defendants provided examples of specific paragraphs which are redundant, immaterial, impertinent, or scandalous, they are not an exhaustive list of the deficiencies with the Complaint. The inclusion of extraneous and unnecessary detail deviates from the simple notice and brevity requirements of Rule 8. As discussed more fully in their Brief in Support, Defendants have identified the burden and prejudice to responding to Plaintiff's evidence pled, fact-laden Complaint posing as a brief for summary judgment. The general rule of Rule 12(f) is not the proper standard for this Motion; instead this Court should strike the Complaint and permit Plaintiff to amend in accordance with Rule 8.

2. **A court does not abuse its discretion when it dismisses a complaint for failure to comply with Rule 8 so long as it permits plaintiff leave to amend.**

Contrary to Plaintiff's assertion, (Doc. 12 at 8), a court does not abuse its discretion when it dismisses an overlong and excessively prolix complaint, without prejudice. *Westinghouse*, 90 F.3d at 703; *accord Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (collecting cases). Defendants do not ask that this Court dismiss Plaintiff's claims with prejudice. Defendants request that Plaintiff be required to replead her claims in conformity with Rule 8.

3. **Plaintiff's Complaint goes well beyond the minimal sufficiency requirement of notice pleading, and her reliance on case law discussing minimal sufficiency is misplaced.**

*Twombly* and *Iqbal* set for the minimum sufficiency of notice pleading as the plausibility standard; however, Defendants do not challenge the sufficiency of the Complaint.[1] Plaintiff's reliance on *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), and *Garrett v. Wexford Health*, 938 F.3d 69, 94 (3d Cir. 2019), is misplaced. Both cases dealt with the minimal sufficiency of pleadings under Rule 8, rather than verbose, overlong, and prolix pleadings. In *Swierkiewicz*, the United States Supreme Court held that a plaintiff in an employment discrimination suit did not have to meet the heightened pleading standard of showing a prima facie cause of discrimination

---

[1] Had the Compliant lacked sufficient pleadings, Defendants would have moved for dismissal under Rule 12(b)(6).

to survive a motion to dismiss, 534 U.S. 506, 513-15 (2002).[2] In *Garrett*, the Third Circuit held that the district court's dismissal of a complaint, with prejudice, for shotgun style pleadings was an abuse of discretion where some claims satisfied Rule 8, 938 F.3d at 96. Neither holding is relevant to Plaintiff's excessively verbose Complaint.

Importantly, *Garrett* reaffirmed *Westinghouse* as the proper standard for striking overlong and unwieldy complaints. *Id.* at 91. The complaint in *Garrett* had be stricken three times, permitting leave to amend, prior to the district court's erroneous dismissal with prejudice. *Id.* at 76-80. Indeed, the Third Circuit noted that the fourth amended complaint was consistent with the district court's instructions and was pared down to a mere 15 pages. *Id.* at 80. Although it continued to contain shotgun like pleadings, the fourth amended complaint met the requirements of Rule 8, with respect to some claims, and those claims were entitled to a ruling on the merits. *Id.* at 95 n. 28 (noting that the defendants never presented merits-based arguments to these claims). Here, Defendants do not seek dismissal on the merits or

---

[2] *Swierkiewicz* stands for the proposition that Plaintiff's Complaint may be much more concise. *Id.* at 512-13 (noting that simplified notice pleading relies on the liberal discovery rules and the winnowing of claims through summary judgment). There is no reason why Plaintiff needs to include evidence and argument in her Complaint when those items may be developed through discovery and argued at summary judgment. As discussed more fully in Defendants' Brief in Support, these inclusions burden Defendants' ability to respond in good faith to what is essentially a brief on summary judgment.

with prejudice, but instead, request that the Complaint be stricken and Plaintiff be required to file an amended complaint in accordance with Rule 8.

## Conclusion

Plaintiff, acting *pro se*, has clearly misunderstood the requirements of notice pleading as established by Rule 8 and interpreted by *Twombly* and *Iqbal*. Defendants do not fault Plaintiff for this error, but merely ask this Court to strike the nonconforming Complaint and permit her leave to amend in accordance with Rule 8. Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment be "concise, and direct."). Defendants rest on the arguments raised in their Brief in Support for the other issues raised by Plaintiff in her Brief in Opposition.

**Respectfully submitted,**

**JOSH SHAPIRO**
**Attorney General**

**By:** *s/ Francis H. Pryzbylkowski*
**FRANCIS H. PRYZBYLKOWSKI**
**Deputy Attorney General**
**Attorney ID #329644**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6491**

**KAREN M. ROMANO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

fpryzbylkowski@attorneygeneral.gov

**Date: November 15, 2022**

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BETTY CARBO,** | : | No. 1:22-CV-1246 |
| Plaintiff | : | |
| | : | |
| v. | : | Magistrate Judge Saporito |
| | : | |
| **SHIPPENSBURG UNIVERSITY** *and* | : | **Electronically Filed Document** |
| **SHIPPENSBURG UNIVERSITY** | : | |
| **HEAD START,** | : | |
| Defendants | : | *Complaint Filed 08/10/22* |

## CERTIFICATE OF SERVICE

I, Francis H. Pryzbylkowski, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 15, 2022, I caused to be served a true and correct copy of the foregoing document titled Defendants' Reply Brief to the following:

**VIA U.S. MAIL**

Betty Carbo
614 Eric Drive
Shippensburg, PA  17257
*Pro Se Plaintiff*


    *s/ Francis H. Pryzbylkowski*
**Francis H. Pryzbylkowski**
**Deputy Attorney General**